## Fred P. Jacobitz, Appellee, v. Pamela G. Thomsen et al., Appellants.

## Gen. No. 29,843.

1. ESCROWS—*when note not binding for want of delivery.* A note which was placed in escrow to be delivered upon the completion and acceptance of certain buildings never became a binding obligation on the defendants where, at the time of obtaining its delivery by the depositary in escrow upon a replevin writ, there was a dispute as to whether the buildings were ever completed.

2. NEGOTIABLE INSTRUMENTS—*prematurity of action to enforce note before effective delivery thereof.* An action upon a promissory note endorsed in blank was commenced prematurely, and a motion for a directed verdict for the defendants the makers, was improperly denied, where it appeared that the note had been placed in escrow to be delivered upon the completion and acceptance of certain buildings, and that the escrow party delivered the note to the sheriff under a replevin writ, while there was a pending dispute as to whether the buildings were ever completed, and at the time of the hearing on the merits the replevin suit was still pending.

3. APPEAL AND ERROR—*judgment on reversal.* On appeal from a judgment against the makers of a promissory note, entered in an action which was prematurely commenced, the judgment was reversed without remanding where no recovery could be had under the pleadings and the uncontradicted facts, but the reversal was without prejudice to institute another suit upon the note in case a pending suit on which the right of recovery was dependent should terminate favorably to the holder of the note, and without prejudice to the holder's right to sue upon a *quantum meruit* under proper circumstances.

Appeal by defendants from the Superior Court of Cook county; the Hon. MICHAEL L. MCKINLEY, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Reversed. Opinion filed July 14, 1925.

COONEY & VERHOEVEN, for appellants.

FRANK H. PARTRIDGE, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

This is an appeal from a judgment by confession upon a note for $3,000, signed by defendants, payable to the order of one Thullen and by him indorsed in blank. Upon defendants' motion, they were given leave to plead to the merits, the judgment to stand as security. They filed pleas alleging a failure of consideration for the note; that plaintiff acquired it after maturity and subject to all defenses against the same; and that the note was never, in fact, delivered to the payee by defendants, but was placed in escrow with a bank, to be held until Thullen completed certain buildings which he was erecting for the defendants and to be then delivered upon the joint order of Thullen and the defendant Thomsen; that some of the buildings were never completed, and that Thomsen gave no order for the delivery of the note, but that Thullen obtained possession of it by a writ of replevin, after which he pretended to assign it to the plaintiff. Replications were filed to these pleas and there was a jury trial which resulted in a verdict for the plaintiff.

The only witnesses who testified upon behalf of the plaintiff in chief were Thullen and the cashier of the bank which held the note in escrow. Thullen testified that the note was placed in escrow to be delivered upon the completion of the buildings; that the buildings were thereafter completed; that Thomsen found fault with one of them in small matters, which the witness remedied and told Thomsen he was going to the bank to get his note, to which Thomsen did not reply, but the bank refused to deliver it, whereupon he secured possession of it in a replevin suit, which is still pending. The cashier of the bank, called by the plaintiff, testified that the note was left with the bank "in escrow, to be delivered when the buildings were completed and accepted by the Dolton estate, on instructions from Thomsen," and that Thomsen never directed him or the bank to turn the note over

to Thullen, but that the bank delivered it to the sheriff on the replevin writ.

At the close of the plaintiff's evidence, a motion was made for a directed verdict in favor of the defendants, which was denied and exception taken. We are of the opinion that it was error to deny that motion. If the escrow agreement was to the effect stated by plaintiff's own witness, the cashier of the bank, it is clear that the note was never delivered. If the escrow agreement was as stated by Thullen, still, as it appears that there was a dispute as to whether the buildings were ever completed, there could be no delivery until the dispute was settled, in the replevin suit or elsewhere. In either case, the note never became an obligation binding, as such, upon the defendants. When the judgment was opened up and leave to plead given, the declaration was not changed, so that it still stands as a declaration upon the note and upon no other cause of action. Under these circumstances and in this state of the record, this action is clearly premature. There was no judgment in the replevin suit and Thullen did not obtain any title to the note, nor the right to assign it to the plaintiff, merely by seizing it upon a replevin writ. The question of right of property in the note is still to be determined in that suit.

For the reason stated, and only for that reason, the judgment of the superior court is reversed, and because such reversal is necessitated by an error of law and not one of fact, the cause will not be remanded. Upon the pleadings and the uncontradicted facts, there can be no recovery in this suit. The reversal in this case, however, will be without prejudice to the right, if any, of the plaintiff to bring another suit upon the note if the replevin suit shall hereafter be decided in favor of Thullen, and without prejudice to any right Thullen may have to recover from defendants whatever sum, if any, may be due from them un-

der the terms of the original contract between them, or the value of work, labor and materials furnished, such causes and rights of action, if any, not having been claimed in the plaintiff's declaration or adjudicated in this suit.

*Reversed.*

BARNES, P. J., and GRIDLEY, J., concur.